# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.: 1:04-CR-84 |
| | ) | |
| ARTHUR T. LUNDY | ) | |

## OPINION AND ORDER

This matter is before the court on the "Petition for Reduction in Sentencing Under Fair Sentencing Act H.B. 1789 in Accordance with § 3553(a)" filed by defendant Arthur T. Lundy on August 18, 2010. Docket at 61. The government filed a response in opposition to Lundy's petition on August 25, 2010. Docket at 62. Lundy did not file a reply brief and so this matter is ripe for resolution. For the following reasons, Lundy's motion is DENIED.

## DISCUSSION

On March 10, 2005, Lundy entered a guilty plea to a violation of 21 U.S.C. § 841(a)(1). *See* docket at 19. The count in the indictment to which Lundy pleaded guilty charged him with possession with intent to distribute more than five grams but less than 50 grams of cocaine base "crack." Indictment, docket at 1. On May 20, 2005, Lundy was sentenced to a term of imprisonment of 120 months. *Id*. at 26. A second count of possession with intent to distribute less than 500 grams of powder cocaine was dismissed at sentencing as part of a plea agreement Lundy entered into with the government. *Id.* Lundy's term of imprisonment was the statutory minimum at the time he was sentenced, due to the fact that he had a prior felony drug conviction.

In his petition Lundy moves the Court for a resentencing, arguing that he is entitled to a reduction in his term of imprisonment as a result of the recently enacted Fair Sentencing Act of 2010. On August 3, 2010, President Obama signed the Fair Sentencing Act into law. The new

legislation was intended to correct inequities in federal criminal sentencing law. One of the issues the new law addressed was the sentencing disparity that existed in cases involving powder cocaine as opposed to those involving cocaine base, or "crack." Prior to the enactment of the FSA, a federal defendant convicted of possessing five grams or more of crack cocaine was subject to a mandatory minimum term of imprisonment of 60 months. In contrast, a defendant convicted of possessing cocaine in powder form would have to possess 500 grams or more before facing the same mandatory penalty. The FSA reduced this 100-to-1 ratio to 18 to 1, meaning a defendant would have to be convicted of possessing 28 grams of crack in order to be subject to a five-year mandatory minimum sentence. (Penalties for powder cocaine offenses were unchanged.)

Lundy argues in his petition that his "120 month sentence became unlawful when the Guideline Amendments . . . were . . . signed into law by President Obama . . ." Petition for Reduction in Sentencing, p. 1. Lundy concedes in his brief that the new law "does not specifically state if it is retroactive, [but] does not specifically state that it is not." *Id*. Lundy further states that "[b]ecause Congress has been silent regarding the issue of retroactivity, we can presume that Congress meant for the changes to be retroactive. *Id*., p. 2 (citing *Goodyear Atomic Corp. v. Miller*, 486 U.S. 174, 184-85 (1988) and *Snappy v. Unlimited Concepts, Inc.*, 208 F.3d 928, 936 (11th Cir. 2000)).

The government responds to Lundy's petition by arguing that the FSA affords him no remedy. The government states that "[c]ontrary to Lundy's assertions, the new law applies *prospectively only to offense conduct which occurs after the date of its enactment* in accordance with the Savings Statute, 1 U.S.C. § 109 . . ." Government's Response Brief, p. 2 (citing *Warden*

2

*v. Marrero*, 417 U.S. 653 (1974) (italics in original)). Since Lundy's offense predated the enactment of the FSA, he is not entitled to any relief from his sentence, according to the government. The government also points out that "District Courts have limited authority to change/alter/modify a sentence once it is imposed, except as authorized by statute, that being 18 U.S.C. § 3582 . . ." *Id*. That section of the U.S. Code states in relevant part as follows:

> The court may not modify a term of imprisonment once it has been imposed except that . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 18 U.S.C. § 994(o) upon motion of the defendant or the Director of the Bureau of Prisons or on its own motion, the court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The government concludes by arguing that "Lundy simply cannot meet the requirements under 18 U.S.C. § 3582 that would give the Court jurisdiction to reduce or affect his sentence in anyway, as such, the Court should deny his motion for lack of jurisdiction." *Id*., p. 3.

Since the filing of the briefs in this case, the Seventh Circuit Court of Appeals has addressed this issue and held that the FSA does *not* apply retroactively. In *U.S. v. Bell*, 2010 WL 4103700 (7th Cir. Oct. 20, 2010), the appellate court stated as follows:

> The general federal savings statute, 1 U.S.C. § 109, provides that "[t]he repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act so shall expressly provide...." "[T]he saving clause has been held to bar application of ameliorative criminal sentencing laws repealing harsher ones in force at the time of the commission of an offense." *Warden, Lewisburg Penitentiary v. Marrero,* 417 U.S. 653, 661, 94 S.Ct. 2532, 41 L.Ed.2d 383 (1974). We have also recognized that the application of the savings statute extends beyond mere repeals and reaches amendments to criminal statutes as well, *see United States v. Stillwell,* 854 F.2d 1045, 1047-48 (7th Cir. 1988), unless the new law by its terms applies retroactively. So if the savings statute applies to the FSA, the FSA in turn

> cannot operate retroactively to reduce [defendant's] sentence.
>
> Like our sister circuits that have considered this issue, *see United States v. Gomes,* --- F.3d ----, No. 10-11225, 2010 WL 3810872, at *2 (11th Cir. Oct.1, 2010); *United States v. Carradine,* --- F.3d ----, No. 08-3220, 2010 WL 3619799, at *4-*5 (6th Cir. Sept.20, 2010), we conclude that the savings statute operates to bar the retroactive application of the FSA.

*U.S. v. Bell*, 2010 WL 4103700, * 10.  Thus, the issue of the retroactive application of the FSA is settled, at least in the Seventh Circuit,[1] and Lundy is not entitled to relief.  For this reason, the government is correct that this Court has no jurisdiction under 18 U.S.C. § 3582 or any other statute to reduce, alter or amend Lundy's 120-month sentence.

---

[1] The issue is also apparently settled in the Sixth and Eleventh Circuits as pointed out in the *Bell* decision.  The Court notes that another decision handed down in recent days, this one in the Eighth Circuit, arrived at the same conclusion. *U.S. v. Brown*, 2010 WL 3958760 (8th Cir. October 12, 2010) (unpublished opinion).  On the other hand, the FSA "provides emergency authority for the United States Sentencing Commission . . . to 'promulgate the guidelines, policy statements, or amendments provided for in this Act as soon as practicable and in any event not later than 90 days after the date of enactment of this Act' and to 'make such conforming amendment to the Federal sentencing guidelines as the Commission determines necessary to achieve consistency with other guideline provisions and applicable law.' Pub.L. No. 111-220, § 8, 124 Stat. at 2374." *U.S. v. Washington*, 2010 WL 4146218, 5 (10th Cir. Oct. 22, 2010).  Therefore, if the Commission should amend the Guidelines so that the sentencing range on which Lundy's sentence was based would be lower, he may be entitled to seek modification of his term of imprisonment under 18 U.S.C. § 3582(c)(2) at some point in the future.

## CONCLUSION

For the reasons set forth above, the Petition for Reduction in Sentencing filed by the defendant, Arthur T. Lundy, is DENIED.

Date: October 25, 2010.

    /s/   William C. Lee
William C. Lee, Judge
United States District Court
Northern District of Indiana