# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| ARTHUR T. LUNDY, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) Cause No. 1:04-CR-84 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on the Motion to Correct Clerical Error Pursuant to Federal Rule of Criminal Procedure 36 filed by petitioner Arthur Lundy on February 6, 2017 (DE 84). The United States filed a response in opposition on March 14 (DE 87) and Lundy filed a reply brief on April 3 (DE 88). The Court construes the motion as one under 28 U.S.C. § 2241 and, for the reasons discussed below, the motion is DENIED.

## BACKGROUND

On March 10, 2005, Arthur Lundy pleaded guilty to a charge of possession with intent to distribute cocaine base or "crack," in violation of 21 U.S.C. § 841(a)(1). On May 20, 2005, this Court sentenced Lundy to a term of imprisonment of 120 months to be followed by eight years of supervised release. *See* Judgment in Criminal Case (DE 27). In early 2013, after being released from federal prison and while on supervised release, Lundy was charged with a state law offense for dealing a controlled substance in case number 02D04-1302-FB-027. As a result of that offense, and on motion by the government, this Court revoked Lundy's supervised release term on July 17, 2013, and sentenced him to a term of 30 months incarceration with no supervision to follow. Revocation Judgment (DE 80). Lundy and the government expressly agreed to that

sentence at the revocation hearing. *See id.* ("Government and Defendant agree to 30 months imprisonment."). The Court also ordered Lundy's 30-month federal term "to run consecutive to the sentence imposed in Allen Superior Court case 02D04-1302-FB-027[,]" the state proceeding that precipitated the revocation. *Id*.

Lundy doesn't challenge any of that in his present motion. Rather, he claims that this Court stated at the revocation hearing that he was entitled to, and would be granted, a "credit" of 30 days toward his 30-month sentence since he entered federal custody on June 18, 2013 (the day of his initial hearing on the revocation charge and the day U.S. Magistrate Judge Roger B. Cosbey remanded Lundy to the custody of the United States Marshal) and was sentenced on July 17, exactly one month later. Motion to Correct Error, p. 3 ("Defendant was arraigned on the [violation of supervised release] and held in Federal Custody, on June 18, 2013 until the date of sentencing, on July 17, 2013.").

Lundy states in his motion that "on November 10, 2016, Defendant discharged his . . . state term, and entered the Bureau of Prisons (BOP)." *Id*. He claims that "[u]pon entry into BOP, Defendant was advised that the [revocation] sentence imposed . . . was 30 months, with no prior credit or adjustment ordered." *Id*. Even though this credit is not reflected in the record before the Court, Lundy insists that this Court made an "oral pronouncement" that he would receive a credit of 30 days on his 30-month sentence. *Id*., p. 4. He explains that he exhausted his administrative remedies within the BOP (a contention the government does not challenge) and was informed that the BOP could not apply any credit since no such credit was indicated in this Court's Judgment of Revocation. *Id*. So, Lundy argues that this Court should correct what he says is a clerical error so he receives the 30-day credit. He states that "[a] correction is not an amended

2

sentence, nor is it a 'downward departure.'" *Id*. (citing *United States v. Kieffer*, 20 F.3d 874 (8th Cir. 1993)). He also quotes Rule 36, which provides in pertinent part that "the court may at any time correct a clerical error in the record arising from oversight or omission." *Id*., p. 2.

The government opposes Lundy's motion, arguing that it "is actually a § 2255 petition in disguise and is time-barred." Government's Response, p. 2. The government construed Lundy's motion as a § 2255 petition apparently because it arguably appears to be asking the Court to "vacate, set aside or correct [his] sentence" after it was imposed, which is the purpose of a § 2255 petition. As such, argues the government, Lundy's motion is time-barred since the habeas statute contains a strict limitations period that Lundy missed by years. Government's Response, p. 4. The government correctly states that "a § 2255 motion must be filed within one year of 'the date on which the judgment of conviction becomes final.'" *Id*. (quoting 28 U.S.C. § 2255(f)(1)). Since Lundy's revocation judgment was entered on July 17, 2013, and his present motion "was not filed until February 6, 2017, nearly four years later, well beyond the one-year limitation period[,]" the motion is clearly time-barred and must be dismissed. *Id*., p. 5.[1]

In his reply brief, Lundy doubles down on his contention that his motion is *not* one under § 2255 because he "is not requesting a sentence modification, nor is he challenging the validity or constitutionality of his . . . sentence." Petitioner's Reply, p. 2. Lundy argues that "upon oral pronouncement of sentence, and as the sentencing transcripts will show, this Court explicitly stated that it was going to afford one (1) month of jail credit toward the total term of 30 months."

---

[1] The government presses additional arguments in opposition to a motion under § 2255 (e.g., that Lundy is procedurally defaulted from raising an issue in a § 2255 since he did not first raise it on direct appeal, *see* Government's Response, pp. 5-6), but the Court need not address them since it concludes that Lundy's motion is not brought under § 2255 but rather, under § 2241.

*Id*. Lundy maintains that "as the [Judgment and Commitment] was silent as to the Court's actual pronouncement, Rule 36 is a proper vehicle to correct this clerical error/oversight." *Id*., p. 3. But since the Court concludes that there is no error in the revocation judgment that needs corrected, Lundy's motion morphs into one asking the Court to overrule the BOP's decision and to order the Bureau to award him the 30-day credit, a request that is properly brought under § 2241. Regardless of title, Lundy's motion must be denied for the reasons discussed below.

**DISCUSSION**

Lundy contends that the BOP wrongly concluded that he was not entitled to a 30-day credit against his sentence in this case, did so because the revocation judgment docketed in this case allegedly did not reflect accurately this Court's sentence (or intended sentence), that he exhausted his administrative remedies within the BOP, and this Court should grant him relief by ordering the BOP to apply the credit to his present sentence. Motion to Correct Error, p. 7 ("... Movant Arthur T. Lundy prays that this court grant this motion, and . . . [i]ssue a corrected judgment pursuant to [Rule 36], whereby Movant is afforded an adjustment to 29 months[.]").

The Court listened to the audio recording of the revocation sentencing hearing held on July 17, 2013.[2] Lundy's recollection of what was said is not accurate. The Court, defense counsel and the prosecutor were in agreement that the sentence imposed in this case would be a term of imprisonment of 30 months with no supervision to follow. This Court made no "oral pronouncement" that Lundy would receive any credit. Furthermore, the Court asked Lundy, under oath, whether he understood and agreed with that sentence and he responded "yes."

---

[2] All proceedings in this Court, as in other federal courts, are recorded and electronically archived.

Near the end of that hearing, Lundy's attorney, Thomas O'Malley of the Federal Community Defender Program, stated that he wanted to clarify a point Lundy had raised with him regarding the consecutive nature of this Court's sentence. Mr. O'Malley reiterated the Court's judgment that the revocation sentence in this case would run consecutively to Lundy's state court sentence, which had been imposed the month before. There was no discussion regarding a 30-day credit, or any other credit, to be applied in this case. It could be inferred, perhaps, from the discussion on July 17, 2013, that Lundy was inquiring (or having his attorney inquire) about his "time" in federal custody (i.e., the 30-day period between his initial hearing on the revocation petition on June 18, 2013, to his sentencing on July 17) and how it might affect his state or federal sentences. Mr. O'Malley conceded that his client was before the Court on writ of habeas corpus ad prosequendum from the state and he did *not* request any credit against the sentence imposed. The Court acknowledged that Mr. Lundy was being held in federal custody on writ from state custody, reiterated that the 30-month sentence that Mr. Lundy, his attorney, and the government agreed to would run consecutively to his state court sentence, and asked Mr. Lundy again if he understood. And again, he answered "yes."

The Court did not make any "oral pronouncement" at the hearing that was not included in the Court's judgment. The BOP's determination was not based on any error in this Court's Revocation Judgment (DE 80), so Lundy's "Rule 36" motion is groundless and would be denied. However, his motion actually goes farther by asking this Court to *order* the BOP to credit his sentence, which is why it is properly construed as a motion under § 2241. Nonetheless, it still must be denied.

**I. Presentence credits are calculated and applied by the Federal Bureau of Prisons, not the sentencing court.**

At the heart of Lundy's argument is the following statutory provision, especially the language in italics:

> (a) Commencement of sentence.–A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.–*A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–*
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585 (italics added). That is exactly the issue here. Lundy contends he should get a 30-day credit against his current federal sentence, but the "BOP advised that no credit could be awarded for such period, pursuant to [§ 3585(b)], as the period in question had been credited towards another sentence." Motion to Correct Error, p. 6. However, as a sister court pointed out, "[i]t is the Bureau of Prisons, not the sentencing court, that determines sentence credit under 18 U.S.C. § 3585(b)." *Miles v. United States*, 2016 WL 6648186, at *2 (S.D. Ind. Nov. 10, 2016). "Prisoners dissatisfied with the BOP's determination may, after exhausting administrative remedies, seek judicial review under 28 U.S.C. § 2241." *Id.* (citing *United States v. Wilson*, 503 U.S. 329, 334-35 (1992)). And even if Lundy were correct that this Court expressly stated on the record that he was entitled to a sentence credit (which is not the case, as discussed above), that

6

would not authorize the Court to *order* that credit to be applied to Lundy's current sentence. *See, e.g., Perry v. Baird*, 2016 WL 5466108, at *3 (S.D. Ill. Sept. 29, 2016) ("[The defendant] also claims that the District Judge who sentenced him in the Eastern District of Missouri recommended that he receive all "jail credit" due him. However, § 35[85](b) does not authorize the sentencing judge to award credit for presentence time–the authority to do so rests solely with the Attorney General, acting through h[is] designee, the BOP."). As one court explained it:

> Section 3585(b) does not authorize a district court to compute the credit at sentencing. *United States v. Wilson*, 503 U.S. 329, 329 (1992). The court held that the language of that statute required that computation of credited time must begin "after the defendant begins his sentence," because it states that the defendant gets credit for time spent in official detention "prior to the date the sentence commences." *Id*. Thus, as the Seventh Circuit has held, a district court has "no authority to order the BOP to give [a defendant credit under § 3585(b) ] because that authority rests exclusively with the [Bureau of Prisons]." *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000) (citing Wilson).

*United States v. Fowler*, 2015 WL 9008328, at *1 (E.D. Wis. Dec. 15, 2015). The authority to apply a credit in this case lies with the BOP; and its determination in that regard was not based on any mistake, error or omission in this Court's revocation judgment.

**II. Lundy was before this Court on a writ of habeas corpus ad prosequendum.**

Lundy states that the BOP advised him that the time period he refers to was credited to "another sentence."[3] He presents no evidence at all that the Court should grant him relief from that determination. Instead, his request is based on his apparent misunderstanding of another legal fact–that he was before this Court on a writ of habeas corpus ad prosequendum from

---

[3] Presumably this period was applied to Lundy's Indiana state court sentence since he was serving it at the time he was sentenced in this revocation proceeding, and because the record lacks any mention of any other sentence in any other jurisdiction, but it doesn't matter since he fails to present grounds for overruling the BOP determination in any event.

Indiana state court during the period in question, notwithstanding the fact that he was "remanded" to the custody of the U.S. Marshal at his initial revocation hearing and sentenced on that revocation one month later.

A federal sentence cannot commence before it is imposed, *United States v. Walker*, 98 F.3d 944, 945-46 (7th Cir. 1996), and a district court has no power to award presentence credit, *United States v. Wilson*, 503 U.S. 329, 333, (1992); *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000). The BOP cannot give credit for any period of presentence custody that has already been credited against another sentence, 18 U.S.C. § 3585(b). Even though this Court had jurisdiction over Lundy during the course of his revocation proceeding, he remained in the legal custody of Indiana during that period and received credit against his state sentence. *See Jake v. Herschberger*, 173 F.3d 1059, 1062 n. 1 (7th Cir. 1999); *Sinito v. Kindt*, 954 F.2d 467, 469 (7th Cir. 1992) (per curiam) (writ of habeas corpus ad prosequendum does not alter custody status); *Flick v. Blevins*, 887 F.2d 778, 781 (7th Cir. 1989) (per curiam) (prisoner delivered on writ of habeas corpus ad prosequendum is simply "on loan" for prosecution by receiving authority, and sending authority "retains full jurisdiction" over prisoner); *McGhee v. Krueger*, 2016 WL 4132179, at *2 (C.D. Ill. Aug. 3, 2016) (a federal prisoner has no right to prior time served credit toward a federal sentence for time spent in federal custody pursuant to a writ of habeas corpus ad prosequendum issued to secure the prisoner's presence from state officials) (citing *Flick v. Blevins*, 887 F.2d 778, 782 (7th Cir. 1989)). Lundy is not entitled to a credit for his time before this Court on a writ from the State of Indiana, in whose custody he remained for purposes of calculating his time served.

**CONCLUSION**

For the reasons set forth above, the Motion to Correct Clerical Error Pursuant to Federal Rule of Criminal Procedure 36 filed by petitioner Arthur Lundy on February 6, 2017 (DE 84) is construed as a motion pursuant to 28 U.S.C. § 2241 and is DENIED.

Date: May 15, 2017.

    /s/   William C. Lee
William C. Lee, Judge
U.S. District Court
Northern District of Indiana